Gaston, Judge.
The exception taken by the defendant to the charge of the Judge is untenable. Trespass being a remedy for an injury to the possession, cannot be maintained by him who had not possession when the \ffrong was done. But where there is no actual possession in another, the law adjudges him in possession who has the property. This possession, usually called with us constructive possession, is fully sufficient to maintain the action.
If there was no other objection to the judgment below it would be affirmed. But there is .an error apparent on the record which the appellant insists upon, and on account of which the judgment must be reversed. William Dobbs who instituted the action died pending the suit, and thereupon “ Penelope Dobbs the widow and devisee under the last will and testament of William Dobbs, came into Court and was made party plaintiff.” At common law the action of trespass could not be maintained by or against representatives. By our act of 1799, ch. 532, it is declared that the action of trespass “ where' property is in contest, and such action i s not purely vindictive,” together with certain other actions therein enumerated, shall not abate or be discontinued by the death of either party plaintiff or defendant, but the same shall and may be revived in the manner prescribed for the revival of other actions. The.manner referred to is by an application to the Court of the heirs, executors or administrators of the plaintiff if he hath died, or by bringing into Court the heirs, devisees, or executors or'administrators of the defendant, if it be his death that renders a revival of the suit necessary. Whether the action is to be revived by or against heirs — or by or against the personal representatives — must depend upon the nature of the action. Trespass is purely a personal action sounding wholly in damages. A right to recover a recompense for damages sustained is a *70 chose in action, which if permitted to survive the person damaged, survives to his executor or administrator. The heir or devisee has no interest in or claim to it — and cannot therefore either originally prosecute a suit for it, or revive one that has been instituted in the life of the person injured. M’Pherson v. Seguine, 3 Dev. 153.
As a judgment has been erroneously rendered for the plaintiff below, when no judgment ought to have been rendered for either party, that judgment is reversed — and judgment on the verdict is arrested.
Per Curiam. Judgment ué^Sf’sed.