Nash, J.
 

 In the year 1814, Samuel Clark executed and delivered to Edna Loyd, a paper writing under his hand and seal, which is in the following words: “ This day received of Edna Loyd, for and in behalf of Joseph H. Win-field arid Elizabeth Loyd, children of said Edna Loyd, the sum of four hundred dollars, in full payment for a negro girl by the name of Sal, reserving unto the said Edna the use of the said Sal and her increase, if any, during the .natural life of the said Edna. And in case the said Joseph and Elizabeth
 
 both
 
 die without leaving any child or children, then, and in that case, to go to the children of the sister of said Edna (Elizabeth Clark, deceased), which said negro I acknowledge to be fully satisfied for, and do secure .peaceably, to the said Edna, etc., the said Sal from all persons whatever. In witness whereof 1 do set my hand and seal, this the 2Sth of February, 1814.” This paper was •duly sealed, delivered, attested and registered. Edna Loyd took immediate possession of the slave, which she retained
 
 *282
 
 up to the time of her death, which occurred in 1851. Sal', has had several children, and, upon the death of Edna-Loyd, the defendant, Lanier,, took two of them into his possession, and still has them. Elizabeth, one of the children of Edna Loyd, died before her mother, intestate and without issue. Joseph Winfield, the other child of Edna, mentioned in the deed, died in 1828, befóte Elizabeth, leaving one child, the defendant Sophia, who intermarried with the defendant, Alfred Lanier. The plaintiff is-the administrator of Elizabeth Loyd, and the defendant, Lanier, of Joseph H. Winfield.
 

 The bill charges that Elizabeth Loyd' and Joseph H. Winfield were tenants in common of Sal and the increase, and prays a decree for a partition and account.
 

 The answer submits, that there are no wordfe of conveyance in the deed, and therefore the legal title to the negro woman Sal, and her increase, remains in Samuel Clark’and his representatives, and the deed was merely a declaration of a trust: or, if the legal estate passed to the said Edna Loyd, by the delivery to her of the slave, the deed must be regarded as a declaration of trusts : and the said Edna held the said slaves upon those trusts: and that, upon a proper construction of these declarations of trusts, the remainder in said Sal and her issue, vested exclusively in the defen~ dant, Alfred Lanier, in right of his wife Sophia, upon the death of the said Edna Loyd, or in him, as administrator of Joseph H. Winfield, by way of cross-remainder, between him and said Elizabeth.
 

 The case involves the proper construction of the paper-writing set forth in the bill. Upon the part of the defendants, it is contended, that the legal title of the girl Sal, and her increase, is still in the personal representativesof Samuel Clark, for the want of words of conveyance in it: And, secondly, if, by the delivery, the slave did pass to Edna Loyd, the paper writing amounted to a declaration of a
 
 *283
 
 trust in favor of herself for life; with cross remainders to her two children : And that, under this last aspect of the-case, as Elizabeth Loyd died without leaving issue, and the other tenant in remainder left a child, Sophia, the whole estate vested in her.
 

 The first question raised-, is answered by the case of
 
 Satterwhite
 
 v.
 
 Fortescue,
 
 1 Ired. 571, where it is declared that the law requires no particular words, whereby a slave is to be conveyed in a bill of sale. If the words clearly evidence a sale, it is sufficient:: i Shep. Touchstone 388. The words used in this instrument do clearly show a sale. Samuel Clark, under his hand and seal, acknowledges the receipt of four hundred dollars, as the price of Sal, and warrants the title. No estate then remained in- Samuel Clarke-.
 

 Admitting that the negro Sal did pass by the conveyance, the only controversy raised by the pleadings is, as to the nature of the interest which Elizabeth Loyd and Joseph H,. Winfield took under it. Upon the part of the defendant, it is alleged, that they took what is termed cross-remainders : that is, that they took as tenants in common ; and if either died without leaving issue, the other should take the whole. We have considered only the question raised by the parties. There are no cross-remainders created by the deed between Elizabeth Loyd and Joseph H. Winfield, but a simple conveyance to them, thereby creating under it a tenancy in common. The expression, upon which the defendants rest to show that there is a survivorship aiising under the deed, refers to an entirely different matter,-to wit: the interest secured to the children of Mrs. Clark, the sister of Edna Loyd. The words are,,! and in case the said Joseph EL and the said Elizabeth
 
 both
 
 die, without leaving any child or children, then, and in that case, to go to the sister’s children of said Edna, (Elizabeth Clark, deceased).” These woids show no intention on the part of S. Clark to create a sur-
 
 *284
 
 vivorship between the children of Edna. Do they, in themselves, constitute or create cross-remainders ? The case of
 
 Picot
 
 v. Armstead, 2 Dev. Eq 228, answers the question. That was a testamentary disposition of personal property to the children of the testator. The words are as follows : “If my child or children should die before they arrive at the age of twenty-one, or marriage, then I give their estate,” &c. The Court decide that there was no cross-limitation by implication, but the estate became, and was a vested remainder in each. This was a construction upon the words of the instrument. In the case before us, the words are still stronger against construing them cross remainders between the children of Edna Loyd: “if
 
 both
 
 my children die,” &c. In this case, the children took vested interests, subject to be defeated upon both the children dying without leaving children. Joseph H. has died’, leaving a child, whereby the contingency cannot arise.
 

 By force of the deed, upon the ground upon which the parties have put the controversy, Joseph H. Winfield and Elizabeth Loyd were tenants in cQmmon. Upon the death of the latter, her right passed to her personal representaive, and the plaintiff is entitled to the decree he seeks. It must be referred to the master, to take an account of the hires, etc., of the slaves.^
 

 Pee Cukiam. Decree accordingly.