HARPER WILLIAMS v. SALLIE R. WALLACE and P. H. AL-
BERTSON.

*Color of Title—Actual and Continuous Possession.*

1. No length of constructive possession will ripen a defective title to·
   land into a good one ; the possession must be actual and continuous.
2. Where there is no actual occupation of land shown, the law carries.
   the possession to the real title.
3. A possession of land under color of title must be taken by a man
   himself, his servants or tenants, and by him or them continued for·
   seven years together ; *Therefore*, where in an action to recover land,.
   it appeared that the plaintiff under color of title had made occasion-
   al entries upon the land at long intervals for the purpose at one time
   of cutting timber, at another of making bricks, &c.; *Held*, that the·
   plaintiff was not entitled to recover.

CIVIL ACTION for Damages for Trespass on Land tried at
Spring Term, 1877, of DUPLIN Superior Court, before *Sey-
mour, J.*

The plaintiff alleged that he was the owner in fee of cer-
tain lands lying near Sarecta on the North East River in
Duplin County, and that the defendants had entered upon

the same to the annoyance of the plaintiff's ·tenants, and were endeavoring to dispossess him of the same. The defendants alleged that the title was in defendant Wallace, and not in plaintiff, and for a further defence say that said defendant has been in possession for more than three years prior to the commencement of this action, and deny the alleged trespass in cutting down and destroying a large number of valuable trees, &c. The facts set out by Mr. Justice BYNUM in delivering the opinion are deemed sufficient to an understanding of the point decided. Upon an intimation of His Honor that the plaintiff had failed to show a good title to the land, he submitted to a nonsuit and appealed.

*Messrs. J. N. Stallings* and *Merrimon, Fuller & Ashe*, for plaintiff.
*Mr. H. R Kornegay*, for defendants.

BYNUM, J. This is a plain case for the defendants. It is admitted that the title of the *locus in quo* was in the defendant Sallie Wallace in 1844. It is immaterial what has become of her title since, unless the plaintiff has connected himself with it. This he has not done, but on the contrary he claims under the deed of one Seth Davis who purported to sell the land as administrator of one J. P. Davis by deed dated the 28th of September, 1857. This title was therefore a defective one, and could ripen into a good title by an adverse possession of seven years only.

But as the action was begun on the 4th day of February, 1874, after eliminating the time during which the running of the statute of limitations was suspended, only six years and nine months had elapsed before the commencement of the action, so the title was not perfected in this way. But no length of constructive possession will ripen a defective title into a good one. To have this effect the possession must be actual and continous.

This action therefore can only be maintained upon the possession of the plaintiff. If he has failed to show an actual occupation by himself, the law adjudges the possession to be constructively with the title, that is, with the defendant Sallie Wallace, and those deriving title under her.

When there is no actual occupation shown, the law carries the possession to the real title. So it is immaterial in this view whether the defendants had the actual possession or not.

The question then is, whether the plaintiff having only a defective title had been for seven years in the actual occupation of the premises at the commencement of the action. *Cohoon* v. *Simmons*, 7 Ire. 189; *McCormick* v. *Monroe*, 1 Jones 13. About this there can be no doubt.

No witness proves that the plaintiff or those under whom he claims had been in the actual possession of the lands in dispute for a year, a month, or a week continuously, prior to the commencement of the action. From 1857, the date of the deed under which the plaintiff claims, to 1873, when the action was instituted, a period of 16 years, only a few single acts of trespass were proved, such as cutting ton timber at one time, fire wood at another, making rails at another, making bricks at still another, all occasional and at long intervals, unaccompanied by a continuous possession or public notoriety, such as the law requires to be given to the world that the plaintiff is not a mere trespasser, but claims title to the land against all mankind.

A possession under color of title must be taken by a man himself, his servants, or tenants, and by him or them continued for seven years together.

The acts constituting this possession should be such " as to admit of no other construction than this, that the possessor means to claim the land as his own. In order to make this notorious in the County, he must also continue in possession for seven years. Occasional entries upon the land

will not serve, for they may either be not observed, or if observed, may not be considered as the assertion of rights." *Grant* v. *Winborne,* 2 Hay. 56 ; *Loftin* v. *Cobb,* 1 Jones 406 ; *Andrews* v. *Mulford,* 1 Hay. 311; *Bynum* v. *Carter,* 4 Ire. 310 ; *Bartlett* v. *Simmons,* 4 Jones 295.

The plaintiff having wholly failed to establish such a possession as would entitle him to maintain the action, it is unnecessary to notice the title of the defendants.

No error.

PER CURIAM.     Judgment affirmed.