## JAMES A. LOCKE *et al.*

### *v.*

## MARY R. CALDWELL.

| 91 | 417 |
|---|---|
| 21a | 36 |
| 91 | 417 |
| 28a | 165 |
| 28a | 167 |
| 28a | 168 |
| 91 | 417 |
| 142 | 289 |
| 91 | 417 |
| 70a | 500 |
| 91 | 417 |
| 179 | 27 |
| 91 | 417 |
| 192 | ² 99 |
| 91 | 417 |
| 201 | ²168 |
| 201 | ³235 |

1. LIMITATION—*when a bar to equity of redemption.* It is a well-settled general rule that twenty years' possession by the mortgagee, without account or acknowledgment of any subsisting mortgage, is a bar to the equity of redemption, unless the mortgagor can bring himself within the proviso in the Statute of Limitations.

2. SAME—*when mortgage is barred.* .It is the general rule that if the mortgagor, after forfeiture, has been permitted to retain possession for twenty years, the mortgage will be presumed to have been discharged, unless circumstances can be shown sufficiently strong to repel the presumption, as, payment of interest, a promise to pay, an acknowledgment by the mortgagor, and the like.

3. SAME—*to bar right of redemption from mortgage.* An actual and not a constructive possession by the mortgagee for the period of twenty years is necessary to bar the right to redeem from the mortgage. In general, the respective rights of mortgagee and mortgagor, with regard to foreclosure on the one hand and redemption on the other, are treated as mutual and reciprocal, so that when the one is barred so is the other. A mortgagor or his assignee was allowed to redeem from the mortgage thirty-five years after condition broken, where the land remained wild and vacant until a year before bill filed, and, the right to redeem existing, it was also held that the right to foreclose the mortgage was not barred.

4. SAME—*action on note, when defendant is out of State.* Under the statute, except in the case of real or possessory actions, when the defendant shall be out of the State any time during which a suit may be brought, the action may be brought on his return to the State, and the time of his absence from the State shall not be taken as part of the time limited.

5. PAYMENT—*presumption, from lapse of time.* There can be no presumption of payment of a mortgage debt from lapse of time, so long as the time of limitation provided by statute for the case has not run against the debt.

6. EQUITY—*stale claims—in equity.* A mortgagee will not be barred in equity on the ground of staleness, even after the lapse of thirty-five years, when the mortgagor is out of the State most of that time, and has apparently abandoned his equity of redemption, and the mortgagee has constantly asserted his claim by the sale of a part of the mortgaged premises, and paying the taxes every year on the remainder, and no adverse claim has been asserted.

· APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding.

27—91 ILL.

Messrs. WARREN & POGUE, for the appellants.

Mr. HENRY C. WITHERS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed in the circuit court of Greene county on January 4, 1875, to foreclose a mortgage given by David Locke to John Caldwell on the 13th day of April, 1839, and duly recorded on the same day, on the east half of the south-east quarter of section 22, and the west half of the south-west quarter of section 23, in township 10 north of range 13 west of the third principal meridian, in the county of Greene, in this State, also, lot 198 in Carrollton, in said county, to secure the payment of a promissory note of even date with the mortgage, made by Locke to Caldwell for $300, payable in twelve months, with interest at the rate of twelve per cent per annum. A decree of foreclosure was granted, and the defendants appealed.

The defence set up was, the bar of the Statute of Limitations, and the staleness of the claim.

The following facts appear: The town lot was vacant and unimproved, and the land was wild, unimproved timber land, and the latter so continued until in April, 1874, when a son of the mortgagee, claiming under him by will, put up a building on one of the tracts. A short time after the giving of the mortgage, David Locke, the mortgagor, departed from the State of Illinois, and has not been within the jurisdiction of the State since, going to the State of Missouri and residing there. Since the year 1845, Caldwell, the mortgagee, and those claiming under him, regularly paid the taxes on the land. In the year 1850, John Wright, having purchased a tax sale certificate to the town lot, purchased the lot from John Caldwell, paying him therefor $50, and received a deed of it from Caldwell, and has been in possession of it ever since, shortly afterward putting up a house on it, and he has improved it otherwise, and paid the taxes on the lot. In the

neighborhood the land was called Caldwell's land.   On March
21, 1874, James A. Locke, the son of David Locke, purchased
the two timber tracts from David Locke for $1000, receiving
a quitclaim deed therefor.   Franklin Caldwell, a son of the
mortgagee, and one of the devisees of all his real estate, put
up a cabin on the land on the 7th of April, 1874, and occu-
pied it, by a tenant, until in November, thereafter.   On
August 13, 1874, George Darr and John H. Snyder purchased
the two timber tracts from James A. Locke for $2000, the
latter giving to them a warranty deed, and they immediately
afterward went into possession.   On the 19th day of May,
1874, David Locke executed to James A. Locke a quitclaim
deed for lot 198,—the town lot.   John Caldwell died, and the
complainant is his widow, and executrix of his will, and one
of his devisees.

As respects the town lot, there can be no question that the
title is complete in Wright, under the mortgage.   He has
been in the actual possession of the lot, claiming an estate in
fee, under the mortgage, for more than twenty-five years.

It is the well-settled general rule that twenty years' posses-
sion by the mortgagee, without account or acknowledgment
of any subsisting mortgage, is a bar to the equity of redemp-
tion, unless the mortgagor can bring himself within the pro-
viso in the Statute of Limitations.   *Demarest* v. *Wynkoop*, 3
Johns. Ch. 129, and other cases.

The equity of redemption being barred as to the town lot,
makes the mortgage title to it complete.

In *Harris* v. *Mills*, 28 Ill. 44, this court held, that where
the note, for the security of which a mortgage was given, was
barred by the Statute of Limitations, the right to foreclose the
mortgage was also barred.

The statutory limitation in this case of an action upon the
note which the mortgage secured was sixteen years, under the
statute in force at the time the note was given, and ten years
under the present statute, in force at the time this suit was
commenced.   But each of the statutes provides, that if the

person against whom was a cause of action, except real or possessory actions, should be out of the State any time during which a suit might be sustained on the cause of action, suit might be brought after his return to the State, and the time of such absence should not be taken as part of the time limited. There was no bar, then, here, of an action upon the mortgage debt, the period of the mortgagor's continued absence from the State preventing it.

The general rule, which has been stated, as to twenty years' possession by the mortgagee barring the equity of redemption, is reciprocal, and the mortgagee may be equally barred by lapse of time, the general rule being, that where the mortgagor, after forfeiture, has been permitted to retain possession for twenty years, the mortgage will be presumed to have been discharged, unless circumstances can be shown sufficiently strong to repel the presumption, as, payment of interest, a promise to pay, an acknowledgment by the mortgagor that the mortgage is still existing, and the like. *Hughes* v. *Edwards,* 9 Wheat. 648; 4 Kent's Com. (11th ed.) 216.

It is sometimes otherwise expressed that a mortgage is not evidence of a subsisting title, if the mortgagee never entered, and there has been no interest paid or demanded for twenty years; that these facts authorize and require the presumption of payment. *Giles* v. *Baremore,* 5 Johns. Ch. 545. But this, as we understand, presupposed that the mortgagor was in possession, and in the actual possession. In *Moore* v. *Cable,* 1 Johns. Ch. 386–7, Chancellor KENT, in declaring the rule that twenty years' possession by the mortgagee was the period adopted by the courts of equity as sufficient to bar the right of redemption, remarks: "Nor will a mere constructive possession, for twenty years, be sufficient. The courts require an actual possession by the mortgagee during the period that is to form the equitable bar; for as they adopt the rule by analogy to the Statute of Limitations, it requires the same actual and continued possession to form a bar in equity that is requisite to form a bar at law. The idea suggested by the counsel

for the defendant, that as the mortgaged premises were, proba-
bly, wild, uncleared lands, possession is to be deemed to have
followed the right, and to have been in the mortgagee after
default of payment, is not applicable to this case. That fiction
was adopted by the courts to preserve the lands of the true
owner, while in their uncultivated state, from intrusion and
trespass; and it would be a perversion of the rule to make it
operate by way of the extinguishment of a right. Nothing
short of actual possession for twenty years, will, at law, toll
the entry of the true owner; and the equity of redemption,
which, in this court, is the same as the fee at law, ought to be
equally protected." In *Bollinger* v. *Choteau*, 20 Mo. 89, this
same doctrine was applied, and a bill to redeem sustained after
the lapse of thirty-six years from the execution of the mort-
gage, actual possession on the part of the mortgagee not
having been taken until within twenty years before the com-
mencement of the proceeding to redeem.

In general, the respective rights of mortgagee and mortgagor,
with regard to foreclosure on the one hand, and redemption
on the other, are treated as *mutual*, that is, the existence of
the former is held to involve that of the latter, and *vice versa;*
and the fact that the one can not legally be enforced under
the circumstances, is regarded as sufficient to preclude a claim
for the other. It is said, "the right to foreclose and the right
to redeem are reciprocal and commensurable." 2 Hilliard
on Mort. § 2.

The land here being wild, unimproved timber land, and
there having been no actual possession by either mortgagee or
mortgagor, until within less than one year before the com-
mencement of the suit, there would, under the authorities
cited, be no bar, from the lapse of time, of the right to redeem,
and the rights being reciprocal, it follows that there is no bar
of the right of foreclosure.

There could not well be any presumption from the lapse
of time of the payment of the mortgage debt, under the cir-

cumstances, so long as the time of limitation provided by statute for the case had not run against the debt.

Nor do we think the defence should prevail under the doctrine laid down in 2 Story's Eq. Jur. § 1520, that "a defence peculiar to courts of equity is that founded upon mere lapse of time, and the staleness of the claim, in cases where no statute of limitations directly governs the case. In such cases, courts of equity act sometimes by analogy to the law, and sometimes act upon their inherent doctrine of discouraging, for the peace of society, antiquated demands, by refusing to interfere where there has been gross *laches* in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights." As accounting for not sooner foreclosing, was the removal of the mortgagor from the State, and, so far as appearances showed, the entire abandonment by him of the equity of redemption. There was constant assertion of claim under the mortgage by disposal by sale of a portion of the mortgaged premises, and paying the taxes every year on the remainder. There was no acquiescence in the assertion of adverse rights, for none such were asserted until just before the commencement of the suit.

The decree of foreclosure will be affirmed.

*Decree affirmed.*