O. B. EDWARDS v. JOHN TIPTON and others.

*Mortgagor and Mortgagee—Possession by—Presumption.*

Although a mortgage deed with unexecuted trusts is not color of title so as to give effect to a seven years' adverse possession under it, yet the morgagee's actual possession of the land for ten years after default

raises a presumption of a release of the equity of redemption—and a discharge of the secured debt and a reconveyance would be presumed by a similar possession in the mortgagor.

(*Barnes* v. *Brown*, 71 N. C., 507 ; *Ray* v. *Pearce*, 84 N. C., 785, cited and approved.)

CIVIL ACTION to recover land, tried at Spring Term, 1880, of MITCHELL Superior Court, before *Gilmer, J.*

Verdict and judgment for the defendants, appeal by plaintiff.

*Messrs. W. H. Malone* and *Gilliam & Gatling*, for plaintiff.
*Mr. J. M. Gudger*, for defendants.

SMITH, C. J.  The land in controversy belonged to William Edwards, who, on May 8th, 1841, executed a deed of mortgage therefor to Samuel Flemming, and the latter on the same day made a lease of the premises for five years to the morgagor.  Near the expiration of that time he made a second lease for the same term to the said Edwards and his son John.  The land was also sold under execution against the mortgagor and by the coroner's deed executed in October, 1856, conveyed to the said Flemming, and the defendants claim under Flemming.

The plaintiff's title is by virtue of a deed for the premises executed to them by the said Edwards on January 24th, 1861.  The court ruled against the claim of title under the execution sale and the alleged continuous possession in its support, for the reason that exclusive of the time during which the statute of limitations was suspended, seven years had not elapsed before the suit was brought.

As to the deficiency of the title derived through the mortgage deed, the court was requested by the plaintiff's counsel to charge "that the mortgage to Flemming, being an unexecuted trust and its conditions not complied with or performed, gave no color of title to Flemming and those

claiming under him." The court refused to give the instruction, and directed the jury that although a mortgage with unexecuted trusts would not be color of title, so as to give effect to a seven years' continued adverse possession under it, yet considered in connection with the leases of 1841 and 1846, if William Edwards thereby became tenant to the mortgagee, abandoning his right as mortgagor, attorning to Flemming and acknowledging him as owner, the mortgage deed would be color of title and perfect it after such possession, and the plaintiffs could not recover.

The appellants present in the record an exception to some playful and harmless remarks indulged in by counsel, to correct which the interference of the court was not asked and no objection made until after the rendition of the verdict; and also to the sufficiency of the descriptive words employed to identify the land conveyed as that mentioned in the complaint. These exceptions are so obviously untenable as to need no comment.

We are unable to understand from the statement of facts the matter in controversy. It would seem from the deeds, both that of the mortgagor and of the coroner, being prior in time to the conveyance to the plaintiff, that the legal estate was vested in Flemming, and his deeds were not color merely, requiring the aid of possession, but conveyances of the estate in the land. But aside from the effect of the sale under execution of the mortgagor's equity of redemption, in making the title of Flemming complete, the possession of the mortgagee and his exercise of full ownership over the land for ten years after default and without payment of any part of the secured debt or claim to the land, raises under the statutory rule a presumption of the abandonment or release in some legal way of the right of redemption, as would a similar possession in the mortgagor, presume the discharge of the debt and a reconveyance. Rev. Code ch. 65 § 19; *Barnes* v. *Brown*, 71 N. C. 507; *Ray* v. *Pearce*, 84 N. C. 485.

31

It does not appear that the plaintiff has had possession, or when, or how, if at all, that of the defendants and Flemming under whom they hold was interrupted after the termination of the leases in 1851, and these leases, significant merely of the legal relations created by the mortgage deed itself, serve to strengthen the inference deduced from the lapse of time under the statute.

In no aspect can we discover error in the charge of which the plaintiff can complain, and this error must be shown by the appellant, or the ruling of the court below will not be disturbed.

The judgment must therefore be affirmed.

No error. Affirmed.