M. D. DEMING v. HOLLY GAINEY.

*Evidence—Action to recover land—Comments of Counsel— Judge's Charge—Possession.*

1. In an action to recover land, where the question is as to its location, a witness who is acquainted with the land, and also with an adjoining tract, may be allowed to testify where such adjoining tract is located.

2. It is not error to admit irrelevant testimony, when it does not tend to mislead the jury.

3. Where a party objects to a portion of an answer made by a witness because it is not responsive, he should ask the Court to require its withdrawal, or to tell the jury to disregard it.

4. Evidence of a collateral matter, which has no material bearing on the controversy, but which tends to influence the jury, is not competent.

5. Where counsel in their argument to the jury, commented on the fact that a witness for the opposite party whose evidence tended to locate the land in suit, had participated in running the lines of a grant to himself, which lines constituted a part of the boundary of the land in suit; *It was held*, not a fit subject for comment, to attack

the witness, and that counsel were properly stopped by the Court, the grant to the witness not having been attacked.

6. Where there is no actual possession, the superior title draws to it the possession.

7. It is the duty of the appellant to show error, and if the Court cannot see from the record that a charge given to the jury is erroneous, it will not grant a new trial.

8. When there are no natural object or adjacent lands called for in description in a deed, the course and distance must determine the line.

9. Where the question for the jury is the location of a corner, the call in junior grants is competent evidence for its location.

(*MacRae* v. *Malloy*, 93 N. C., 159; *State* v. *Arnold*, 13 Ired., 184; *State* v. *Gailor*, 71 N. C., 88; *Sasser* v. *Herring*, 3 Dev., 340; *Fry* v. *Currie*, 91 N. C., 436; cited and approved).

CIVIL ACTION to recover land, tried before *Boykin, Judge,* and a jury, at May Term, 1886, of CUMBERLAND Superior Court.

The controversy in this action, is in respect to the plaintiff's title and right of possession to the lands described in his complaint, and their wrongful withholding by the defendant. In response to the usual issue submitted to the jury, they say that the plaintiff does own and is entitled to the possession of said lands, but not of that portion which is outside of A, 3, 12, 11, on the plat made out by John Deming, and bearing date December 7th, 1885, that is, as understood, outside of lines running between these thus designated terminal points on the plat; that the defendant was not in possession of the claimed lands when the suit was begun; and that no damages have been sustained.

[See diagram and explanation on next page.]

DEMING *v.* GAINEY.

[Martin D. Deming claims the southern half of two hundred acres granted to Angus Galbreth—A, B, C & D. Deming claims the part lettered J, B, C and K; he also claims a forty-three acre tract granted to Neil Galbreth lettered E, F, G, H. The defendant, Holly Gainey, claims a 100 acre tract, 3, Y, X and 2; He also claims a 50 acre tract, 3, 4, 5, 6, 13, 1, X, Y: also a 25 acre tract, 3, 4, 7, 8, 9, 10, 11, 12].

Thereupon judgment was rendered for the defendant, and the plaintiff appealed.

*Mr. W. A. Guthrie,* for the plaintiff.
*Messrs. N. W. Ray* and *Thos. H. Sutton,* for the defendant.

SMITH, C. J., (after stating the facts). The case before us so indistinctly sets out the facts and the exceptions to the

ruling of the Court, that we may fail properly to understand and decide them. Many of the exceptions have been abandoned on the hearing before this Court, and we shall consider only such as were pressed in the argument.

*1st Exception.* The plaintiff introduced and examined as a witness one Robert Bain, who, in answer to an inquiry as to the location of the line A, B, stated that he knew the Robert Daughtery land, a contiguous tract, having cut timber on it in 1846, and that he had cut a marked tree on the line.

Upon his cross-examination, he said he was well acquainted with this tract of land, and understood the plats. He was then asked where the Daughtery land was. It was in evidence that this tract adjoined that in controversy, and it had been referred to in the documentary proofs relating to the plaintiff's title.

The testimony was objected to by the plaintiff, on three several grounds:

1. That no deed describing the Daughtery land had been introduced.

2. That so much of the witness' statement as relates to his knowledge of the land and cutting timber on it in 1846, was not responsive to the interrogatory put to him, but outside of it, and

3. It was irrelevant testimony.

The objection was disallowed, and exception taken to the ruling.

We concur with the Judge, that the objection is untenable, and for reasons given by him. It was but a fuller development and practical application of the fact brought out. The witness had testified to his personal knowledge of the tract. The defendant, to have the benefit of the witness' knowledge, asked where does it lie? The one is the obvious supplement of the other answered interrogatory, assuming it to have been put, or the natural sequence of the information given.

The second ground is equally without force, and without further comment we need only to refer to the ruling of a similar exception, in *McRae* v. *Malloy*, 93 N. C., 159. It is there said, that "the plaintiff, if opposed to the giving in of the testimony, should have interposed and arrested the examination; or if this could not be done in time, should have asked the Judge to require its withdrawal, or to direct the jury to disregard it, so that it would become harmless."

The asserted irrelevancy is not apparent, and if it did appear, unless the testimony tended to mislead or prejudice the jury, it could not be assigned for error. *State* v. *Arnold*, 13 Ired., 184; *State* v. *Gailor*, 71 N. C., 88.

*2d Exception.* The next exception arises out of the following facts:

The defendant, in his testimony, spoke of a negotiation between the plaintiff and himself before this suit, and of the plaintiff becoming angry because witness would not sell him certain land. In reply, plaintiff proposed to show that the value of the land which he conveyed to the defendant in his deed of May 25th, 1869, for a recited consideration of $87, was in reality worth $1,000. The avowed purpose, as we understand, was to disprove the alleged ill feeling, and to impeach, by contradicting the statements, the credit of the defendant.

We can see no legitimate use to be made of the proposed inquiry, and it was calculated to prejudice the minds of the jury by an exhibition of the plaintiff's generosity towards the defendant. There is no error in refusing to admit the evidence.

*3d Exception.* The plaintiff's third exception rests upon these facts:

The defendant introduced a deed from W. J. Pharris to himself, made December 21st, 1854, and conveying the same lands as those described in the plaintiff's deed to him of May 25th, 1869, and the dispute was as to the boundary. Pharris testified that he was present, and acted as one of the

chain-bearers when the twenty-five acre tract, granted to himself on October 16th, 1849, was located by the surveyor, McCormick; that they measured the lines run to 12 and 11. During the argument of plaintiff's counsel to the jury, he commented on the fact that Pharris participated in the running the lines of his own grant, avowing his purpose to be to attack his veracity as a witness.

Upon defendant's objection to this line of argument, the Court remarked that there was no attack upon the validity of the grant itself, which had been received in evidence as valid; that the plaintiff was estopped to deny this by the recital of the same calls in his own subsequent deed for the same land to the defendant; and that it was therefore improper in him to argue that there had been no location of the grant. The plaintiff's counsel thereupon desisted and excepted. The exception needs no further development, and the reasons assigned for interrupting the course of hostile comment, are fully sufficient to sustain the action of the Court.

The remaining exceptions relate to the instructions given to the jury, or refused to be given when asked.

The plaintiff asked the Court to charge the jury, that there is a break in the continuity of the defendant's alleged adverse possession, during the time when the plaintiff held the title under the deed of the assignee in bankruptcy, which was refused, for this deed had not been exhibited in evidence, being excluded after objection by the Court.

That, as neither shows an actual possession long enough to ripen into title, the possession is drawn to the title, and that if the jury believe the superior title to be in the plaintiff, they must find the first issue in his favor. This, in the very words was declined, but the law of possession was explained and applied to the facts in evidence. The refusal was made as involving the determination by the Court of a fact, to-wit, the length of the possession, while the evidence

was conflicting as to the possession of the contestant parties upon the disputed boundary. But the Court gave the instruction that in the absence of actual possession, the superior and oldest title drew to it a constructive possession.

There is not seen any just ground of complaint in this, furnished by the testimony.

The other instructions asked for the plaintiff, were given.

We now proceed to the consideration of the instructions requested by the defendant and given, to which the plaintiff excepts, of which, besides those abandoned, there are but two.

1. The Court charged that if the plaintiff cannot go to B with his first line, then B C is not the second line of the second tract, and the location of the forty-three acre grant, as claimed, from E to F, G and H, is not correct.

In the absence of the boundary calls of this grant, we are unable to see whether the instruction was proper, and as the appellant must show error, we cannot sustain his exception. The general rule is, that when there are no material objects or adjacent lands called for, the course and distance must determine the line, and if this terminates at 3, the consequences about the location follow.

2. The second exception is to the instruction that the jury might, in determining whether the stumps in the end of the lane at 3, is a corner of the Galbreth two hundred acre tract, consider the subsequent grant to John Galbreth, Torquil Galbreth and W. J. Pharris, if they begin at that point, as evidence by reputation of it as a corner. The cases cited for the appellee, *Sasser* v. *Herring*, 3 Dev., 340; and *Fry* v. *Currie*, 91 N. C., 436; sustain the ruling of the Court, and the subject needs no further elaboration.

It must be declared there is no error in the record, and the judgment is affirmed.

No error.                                     Affirmed.