JOHN A. SIMMONS v. JOSEPH L. BALLARD.

*Mortgage—Right to Redeem— When Barred—Rev. Code, ch. 65, § 19—The Code, § 152.*

1. When mortgaged land is not in the actual possession of either mort-gagor or mortgagee, the title remains undisturbed as fixed in the deed of mortgage, and the statutory presumption (Rev. Code, ch. 65, § 19) does not arise to the prejudice of either.

2. The mere lapse of time, unaccompanied by any possession, neither obstructs the right to redeem nor the right to foreclose a mort-gage. *Therefore,* where a mortgage was made in 1856 to secure a debt falling due in 1858, and no payment was made on the debt after maturity, an action to redeem commenced in 1883 is not barred by ch. 65, § 19, Rev. Code, it being shown that neither mortgagor nor mortgagee had been in possession of the land.

DAVIS, J. (dissenting). The statute, Rev. Code, ch. 65, § 19, is plain, and there is no room for construction; it says nothing about an actual possession being essential to the prescribed effect of the lapse of time. Where there is no actual possession the constructive pos-session follows the legal title, and was in the mortgagee in this case, who held the land, by virtue of such title and possession, for more than ten years after the right to redeem accrued. Under this state of facts the statute barred plaintiff's right of redemption.

CIVIL ACTION, tried before *Merrimon, J.,* at March Term, 1887, of PITT Superior Court.

Plaintiff appealed.   The facts are stated in the opinion.

*Mr. C. M. Bernard,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J.   This action was begun on August 30, 1883, and the plaintiff alleges that, on November 22, 1856, he borrowed of the defendant the sum of seventy-five dollars, and to secure the same executed to the defendant a deed of mortgage conveying a tract of land of about 184 acres, therein described, with condition of avoidance upon payment of said debt and interest on or before January 1, 1858; that previous to the last mentioned day, he made payments which reduced the debt to a sum less than thirty dollars, and in the year 1863 or 1864 tendered the residue and demanded a reconveyance of the premises, which the defendant refused, and that there is a cloud resting upon the title.

The prayer is for an account to be taken, in order to ascertain what is due under the mortgage, and for a reconveyance to the plaintiff upon his payment thereof.

The defendant, answering, admits the borrowing and the making of the mortgage, as alleged, and says further:

That there were other than the secured debts due him, of which he annexed a memorandum, and that sums of money have been paid him without any direction as to their application, and he has appropriated the moneys received to his unsecured debts outside of the mortgage.

That during the late civil war, and near its close, the plaintiff offered to make payment in Confederate currency, then become well-nigh worthless, which was not accepted, but never tendered money of value.

That when the mortgage was made, there was on the premises a small piece of cleared land, one or two acres of which

the defendant took possession and cultivated it for several years, and until the fence fell into decay, and that since 1856 he has listed and paid taxes on the land as his own.

The defendant relies, as a defence to the action, upon the statutory presumption of an abandonment of the right to redeem and in bar of the action; and if this be not available, that the plaintiff be required to pay, besides the residue of the mortgage debt, the taxes paid, with interest, and the entire indebtedness due by the plaintiff

After many continuances, the cause came on for trial at Spring Term, 1888, of Pitt Superior Court, before a jury, upon these issues:

1. What sum, if any, is due from plaintiff to defendant?

2. Has the plaintiff abandoned his equity of redemption?

The evidence developed at the hearing, on the part of the plaintiff, of which so much only is stated as bears upon the ruling brought up for review, was, in substance, that after the making of the mortgage, which contains no power of sale, he cultivated the cleared field of one or two acres before the war, and was the last one who did so; that he left it and moved upon an adjoining land which his wife's father gave her to reside on, and tended it after his removal.

It does not appear from this testimony that the land has been in possession of either party since.

The only evidence of an appropriated payment on the mortgage debt is the defendant's acknowledgment, bearing date February 6, 1857, of twenty dollars, " in part payment of a right I hold on his property."

At this stage of the case and upon this showing the Court intimated to counsel an opinion, that the facts proved were not sufficient to rebut the presumption of the abandonment of the equity of redemption raised by section 19, chapter 65, of the Revised Code, which governed the case; whereupon. counsel for the plaintiff, in submission thereto, suffered a nonsuit, and appealed.

The sole question presented by the record is, whether the lapse of the statutory period of ten years since the last occupation of the mortgaged land, there being no possession since by the defendant, is a bar, from a presumed abandonment, to the assertion of all equitable right to redeem. The Court holds the affirmative, and in this we think there is error.

The parties to a mortgage have each an equitable right therein : the mortgagor to redeem on payment of the debt secured, the mortgagee to foreclose, if the debt, after default, is not paid ; and these respective interests may be lost by inaction and delay. When the land is in the possession of neither, the title remains undisturbed as fixed in the deed of mortgage, and the statutory presumption does not arise to the prejudice of either. The mere lapse of time, unaccompanied by any possession, neither obstructs the right to redeem nor the right to foreclose, and if a bar to one, so would it be to the other, and the neutralizing effect would be to leave the mortgage in its original force, with the legal incidents attaching thereto  Any other construction of the act would take away its efficiency as a measure of repose, if it did not render it meaningless and inoperative. Such is not its interpretation by the courts. Its true operation is to quiet a possession held by the mortgagee, for the prescribed period of time adversely and as his own, from the mortgagor's right to redeem, and in like manner a possession held by the mortgagor against the right of the mortgagee to foreclose. In either case the statute comes in aid of the possession, and frees the title from the claim of the other party. The accompanying possession thus becomes an essential element in giving force to the statute and exempting the estate from interference under the mortgage deed. The rule is thus laid down by Mr. Justice STORY in his work on Equity, vol. 2, § 1520 : " If the mortgagee has been in possession of the mortgaged estate for twenty years (reduced to ten under

our statute) without acknowledging the existence of the mortgage, it will be presumed that the mortgage is foreclosed, and that he holds by *an absolute title.*· If the mortgagor has been in possession of the mortgaged estate for the like space of time, without acknowledging the mortgage debt, it will be presumed to be paid." The obvious deduction from which is, that no presumption, either in favor of the mortgagee or mortgagor, arises when neither has had such possession. Adams' Eq., 115; 1 Maddock Ch., 519; 2 Daniel Ch. Pr., 741–742 ; Cooper Eq. Pl., 254. The doctrine is recognized by this Court in cases that have come before it. In *Roberts* v. *Welch,* 8 Ired. Eq., 287, RUFFIN, C. J., referring to the rule in England, which denies redemption to the mortgagor after an adverse holding of possession for the prescribed period by the mortgagee, and the occasion of the enactment in this State, says : " As the mortgagor is shut out of redemption by the mortgagee's possession for twenty years, it was thought reasonable and convenient that the bar should be reciprocal on the mortgagee, who did not act on his debt or mortgage until the debt was presumed to be satisfied by the lapse of twenty years." Following this exposition of the statute in requiring a possession to quiet the title, are the cases of *Ray* v. *Pearce,* 84 N. C , 485; *Brown* v. *Becknall,* 5 Jo. Eq., 423 ; *Barnes* v. *Brown,* 71 N. C., 507 ; *Edwards* v. *Tipton,* 85 N. C., 479. In the last case this language is used in the opinion : " The *possession of the mortgagee* and his exercise of full ownership over the land for ten years after default, and without payment of any part of the secured debt or claim to the land, raises, under the statutory rule, a presumption *of the abandonment or release in some way of the right of redemption, as would a similar possession in the mortgagor presume the discharge of the debt and a reconveyance.*" The same principle is embodied, as before declared, in applying the presumption raised by the former statute in the superseding statute of limitations (*The Code,* § 152, subsec. 3, 4), which restricts to ten

years after forfeiture the bringing an action to foreclose the mortgage against the mortgagor who has " been in possession," and the like period to an action to redeem when the mortgagee " shall have been in possession." And there is no limitation fixed, as before there was none, when there was no supporting possession. Without further elaboration, it must be declared that there is error in the record, and the judgment must be reversed and a new trial awarded.

Error.                                    Reversed.


DAVIS, J. (dissenting). I think the ruling of his Honor below was correct, and do not concur in the opinion reversing it.

The right of the plaintiff to recover, both in the case stated and in this Court, was put upon the ground that the statute of presumptions had been rebutted by his offer to pay and the refusal of the defendant to accept payment, and when, as the case states, "it was submitted (admitted) by the plaintiff that he made no offer to redeem after the first of January, 1870, up to the bringing this action," I think his Honor was correct in holding that the statute was not rebutted.

It is conceded that the present action is governed by ch. 65, § 19, of the Revised Code. That section is as follows: "The presumption of payment, or abandonment of the right of redemption of mortgages and of other equitable interests, shall arise within ten years after the forfeiture of said mortgage, or last payment on the same, or the right of action shall have accrued on any equitable interest or claim, under the like rules as aforesaid."

The *forfeiture* was more than ten years before the action was brought, the *last payment* was more than ten years before the action was brought, and the *right of action* had accrued more than ten years before the action was brought. The language of the statute seems to me plain, and to leave nothing to construc-

tion. "The law adjudges the possession to be constructively with the title. * * * When there is no actual occupation shown the law carries the possession to the real title." *Williams* v. *Wallace,* 78 N. C., 354. "The constructive possession was in the mortgagee." *Parker* v. *Banks,* 79 N. C., 480. In the absence of *actual* possession the title draws to it the possession. *Deming* v. *Gainey,* 95 N. C., 528.

It will be conceded that, in the present case, the legal title was in the defendant, and I have been unable to find any case in our Reports (and we are considering our own statute), in which it has been held, that the fact that no one was in actual possession rebutted the statute, and I cannot see how it can be so held, without disregarding its language. The statute of presumptions now gives place to the statute of limitations, and the action must be brought "within ten years after the right of action accrued." Where the mortgagee has been in possession (the statute does not say *actual* possession) under § 152, subsec. 4, of *The Code,* and if, where no one is in the actual possession, the legal title does not draw to it the possession, as I think it does, then it clearly comes under § 156 of *The Code,* and the action must "be commenced within ten years after the cause of action shall have accrued," and I can see no legislative intimation in conflict with the opinion above expressed; and as the language of the statute seems to me free from doubt, I feel constrained to dissent.