## C. C. WOODY v. ERNEST JONES.

*Mortgage—Sale of Mortgaged Property—Statute of Limitations—Tax Sale of Mortgaged Property.*

1. When the mortgagor of property is left in possession, he or his vendee holds it for the mortgagee, and his possession does not become adverse so as to set the statute of limitations in motion until condition broken.

2. Registration is notice to the world of the lien of a mortgage.

3. Where a mortgage was duly recorded in the proper county, the fact that the mortgagor, in whose possession the property remained, took it out of the State and sold it there, does not start the running of the statute against the mortgagee or his assignee.

4. A mortgage on property being duly registered, the legal title passes to the mortgagee, and a levy and sale of the property to satisfy taxes due by the mortgagor do not carry the title to the purchaser divested of the lien of the mortgage.

Appeal from a Justice of the Peace, heard at August Term, 1893, of PERSON Superior Court, before *Brown, J.*, a jury trial being waived, and the only plea set up being the statute of limitations.

The action was begun March 29, 1893, for the recovery of the possession of a horse, which was admitted to be worth less than fifty dollars, thus giving jurisdiction to the Justice. This horse was the property of Isaac Wilson, who on December 3, 1886, conveyed it by chattel mortgage to John F. Woody, who assigned the note and mortgage to plaintiff on January 2, 1889. The mortgage was duly registered in Person County on April 15, 1887, and nothing has ever been paid upon the mortgage debt.

The defendant purchased the horse in Halifax, Virginia, from Isaac Wilson, the mortgagor, in the fall of 1889, for full value. At the time of the purchase the defendant was a resident of Person County, N. C., and has had the horse in his possession in said county ever since said purchase by him, except that the horse was seized by the Sheriff of Person County in July, 1890, for Isaac Wilson's taxes for 1889 and sold and purchased by the defendant for $7.20. The said taxes were the general taxes of said Wilson, who was also a citizen and resident of Person County, and not a specific tax upon the horse. The defendant had no actual notice of the mortgage.

The Court below held that the defendant had notice by registration; that there was no evidence of a demand, or that plaintiff knew of defendant's possession; that defendant's possession was not adverse or at least did not become so until the public seizure and sale in July, 1890, and the only question being raised by the plea of the statute of limitations, that the action is not barred. There was judgment for the plaintiff, and defendant appealed.

*Messrs. J. W. Graham* and *V. S. Bryant*, for plaintiff.

*Messrs. W. W. Kitchin* and *Boone & Parker*, for defendant (appellant).

MacRae, J.: We concur with his Honor in his conclusion that upon the facts of this case the action is not barred by

the statute of limitations. The defendant has had possession of the horse for about four years. At the time when he acquired possession the mortgage had been registered in the county of Person, where all parties to the sale resided, and the registration was notice to the world of the lien of the mortgagee. *Parker* v. *Banks*, 79 N. C., 480. The fact that the sale and delivery by mortgagor to defendant was in Virginia cannot affect the rights of the mortgagor or his assignee, the plaintiff. *Hornthall* v. *Burwell*, 109 N. C., 10.

When the mortgagor is left in possession he holds it for the mortgagee, and his possession does not become adverse until condition broken. An action for the foreclosure where the mortgagor has been in possession of the property must be brought within ten years after forfeiture. *The Code*, § 152 (3). A purchase from the mortgagor, the mortgage being registered, is not colorable title. *Parker* v. *Bank, supra.*

" The rule is that the mortgagor and his vendee hold in subordination to the title of the mortgagee, not adversely to him ; and the statute of limitations does not run, even after the law-day is past, as in favor of the mortgagor or his vendee, without some overt act throwing off allegiance." Wood on Limitations, 446.

The defendant claims also by virtue of the sale by the Sheriff to satisfy the tax list which he had in his hands against Isaac Wilson, the mortgagor, but the legal title, by virtue of the mortgage, had passed out of said Wilson, and was not subject to levy, or in any event the property passed subject to the rights of the mortgagee.

While the plaintiff is entitled to the possession, the defendant may still discharge the mortgage debt and regain possession of the horse, if he so desire.

Judgment Affirmed.