## Almon H. Reed et al. v. Alvin Kidder.

1. WITNESSES—*Competency of a Complainant When the Defendant Claims as Heir of a Deceased Person.*—The complainant, in a bill to foreclose, as a mortgage, a deed absolute on its face, can not be allowed to testify as to the amount due, where the suit is against the heirs of the alleged mortgagor, upon the ground that he is testifying in the interest of the defendants by showing that the transaction was a mortgage.

2. LIMITATIONS—*As a Bar to a Mortgage.*—The only limitation law that could be invoked under the circumstances of this case (a suit to foreclose a mortgage) was that of twenty years' adverse possession.

**Bill,** to foreclose, as a mortgage, a deed absolute on its face. Error to the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded. Opinion filed June 26, 1897.

SHEEN & GRAY, attorneys for plaintiffs in error.

JACK & TICHENOR, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the 17th of June, 1868, Augustus Reed and his wife executed and delivered to George Kidder a deed for sixty

acres of land situated in Peoria county. At the same time, and as a part of the same transaction, Kidder executed to Reed a lease for the land for the period of five years, at a stated rental of $120 and the payment of taxes. It was further provided in the lease that if Reed should pay to Kidder the sum of $1,200, in addition to the rents as they should become due, according to the terms of the lease, then Kidder, his heirs and assigns, should execute and deliver to Reed, his heirs and assigns, a warranty deed for the land.

Reed died in the spring of 1880 and Kidder died in the fall of the same year, both intestate.

Regarding the transaction of 1868 as a mortgage, the defendant in error, being the brother and heir of George Kidder, on the 24th of March, 1886, filed in the Circuit Court a bill of foreclosure against the widow and ten children of Augustus Reed.

On the 23d of December, 1887, a decree was entered by the Circuit Court. The amount found due was $3,236.34. In the following June a sale was made which was approved by the court. This writ of error is prosecuted by three of the defendants in the foreclosure proceedings, who assert that they have reached their majority within five years last past. They seek a reversal of the decree for the reasons: 1st, that the evidence does not sustain it; 2d, that the evidence was incompetent; 3d, that the debt was outlawed by the statute of limitations; 4th, that the rights of the plaintiffs in error to the land were superior to those of the defendant in error.

It was not contended upon the trial that the transaction was not a mortgage; nor is there any such contention here. It is insisted that there is no competent proof to support the finding that the amount due was $3,236.34 however. The only testimony by which such conclusion could be reached was that of the complainant. He was not a competent witness to prove the indebtedness by.

It is insisted by defendant in error that, as the testimony given by him was in proof of the position that the transaction was a mortgage, his testimony was in the interest of the plaintiffs in error, and really against his own interest.

If there had been any question in dispute over the averment in the bill that the transaction was a mortgage, there would be some room for such a view. But there was not. It was contended, as appears from the answer, that the complainant was not entitled to the relief sought, because the rate of interest charged was usurious, and that, more than sixteen years having elapsed since the accruing of the action, the same was barred by the statute of limitations.

When the bill was filed, the defendants could admit that the transaction was a mortgage (which it was their interest to do, of course), and insist upon competent proof as to the amount due.

But whether they did so or not the complainant would not—upon the ground that he was testifying in the interest of the defendants, by showing that the transaction was a mortgage—be permitted to testify as to the amount due. If he was, and his evidence was all there was upon the subject of indebtedness, the decree should be reversed. That is this case.

We think it proper to reverse the decree and remand the cause, that other evidence as to amount due may be taken. We may say, also, that the particular statute of limitation invoked as a defense does not apply. If the defendants were in possession of the land, the transaction being a mortgage, they were in possession as tenants at will. The only limitation law that could be invoked under the circumstances was that of twenty years' adverse possession. Locke et al. v. Caldwell, 91 Ill. 417. Reversed and remanded.