WOODLIEF v. WESTER.

(Filed October 4, 1904).

FORECLOSURE OF MORTGAGES—*Limitations of Actions—Remainders—The Code, secs. 146, 158, 152, subsec. 3.*

> Where a remainderman, not being in possession, executes a mortgage, the foreclosure of the mortgage is not barred after ten years from the forfeiture thereof or from the last payment, such action being brought within ten years from the time of the acquisition of the possession by the remainderman.

CLARK, C. J., dissenting.

ACTION by R. R. Woolief against A. B. Wester and others, heard by *Judge Frederick Moore* and a jury, at January Term, 1904, of the Superior Court of FRANKLIN County.

This case was a special proceeding for partition. of land, which was transferred from the Clerk to the Superior Court and placed on the civil issue docket for the trial of issues joined, and A. B. Wester, mortgagee of the interest of one of the co-tenants, was made a party. The mortgagor relied upon the statute of limitations. The facts are as follows: Henry Merritt died in 1861, leaving a will, by which he devised a tract of land to Sallie Woodlief for life, and at her death to her children. There were six of these children. One of these, R. R. Woodlief, bought the share of one of his brothers, and being thus entitled to two-sixths of the remainder in said land, he, on the ninth day of April, 1885, conveyed the same to A. B. Wester by mortgage deed to secure a note for $75.00 with interest, due January 1, 1886. The only payment ever made was in 1890, and the jury find that there is still unpaid on said debt $168.40 and interest. The life tenant, Sallie Woodlief, died in June, 1902, and this proceeding was begun September 29, 1902. His Honor charged the jury that if they believed the evidence they should find that the right of·

the mortgagee, A. B. Wester, to foreclose his mortgage is barred by the statute of limitations, and the defendant excepted. The jury found as directed. Defendant A. B. Wester moved for a new trial. Motion denied. Judgment in favor of the mortgagor and appeal by defendant Wester.

*N. Y. Gulley,* for appellant Wester.
*F. S. Spruill* and *W. H. Ruffin,* for the appellees.

WALKER, J. The statute of limitation relied on in this case to bar the defendant's right to forclose his mortgage and to extinguish his lien on the land is as follows:

"An action for the foreclosure of a mortgage, or deed in trust for creditors with a power of sale of real property, where the mortgagor or grantor has been in possession of the property, shall be brought within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same." The Code, sec. 152 (3).

At the time the mortgage was executed by Woodlief to Wester, and ever since said time, Sallie Woodlief has been in the actual possession of the land described in the mortgage as the owner of the life estate therein, and neither the plaintiff Woodlief nor the defendant Wester has ever had any actual possession of the land or any part thereof. The contention of the plaintiff was, and the court below sustained it, that the actual possession of the life tenant, Sallie Woodlief, inured to him and was in law, if not in fact, his possession, the remainder being a continuation or elongation of the life estate and the possession of the life tenant and the remainderman being necessarily one and the same. It is true that for some purposes the possession of the life tenant is to be considered as not adverse to the remainderman, because the latter has no right of entry until the determination of the life

estate, but this does not prove, nor do we know of any principle of the law which sustains the proposition that the actual possession of the life tenant inures to the remainderman, so that during the continuance of the life estate the latter can avail himself of that actual possession as against one who holds a mortgage on his interest for the purpose of barring his right under the mortgage. The law has been adjudged to be the other way. *Malloy v. Bruden,* 86 N. C., 257. It is true that the particular estate for life and the remainder are nothing but parts or portions of an entire inheritance, and this would be so if there were many remainders, upon the principle that all the parts are equal and no more than equal to the whole (2 Blk., 164), and it is also true that livery of seizin, when made to the tenant of the particular estate, related and inured to him in remainder, as both estates were but one in law; but the very reason and necessity for this rule fully answer the plaintiff's contention in this case that the possession of the owner of the particular estate, Sarah Woodlief, inures to him so as to bar the right of Wester who holds the mortgage upon his interest.

The reason of the rule just stated was that livery of the land was requisite to convey the freehold and could not be given to him in remainder (as his is an estate not in possession but in expectancy) without infringing the possession of the tenant for years or for life, and therefore livery to the latter was insufficient to support the remainder. It is the reason also why a remainder must have a particular estate to support it, as possession cannot be delivered to the owner, he having no immediate right to it. His estate commences *in presenti,* but can be occupied or possessed and enjoyed only *in futuro.* 2 Blk., 166, 167. Livery was required to be made to the life tenant in order only to support the remainder, and for a reason which excludes the idea that the remainderman could have seizin during the continuance of the life es-

tate. The remainderman could have no seizin of any kind, and therefore livery was made to the life tenant. But if the possession of the life tenant could inure to him in remainder for the purpose of barring rights, it could do so only for the benefit of him who holds the legal title (in this case the mortgagee), because the right to the possession is an incident of that title. In *Houston v. Smith,* 88 N. C., 313, it is said that seizin indeed is the actual possession and seizin in law, the right to the possession or enjoyment of a freehold estate, and seizin can only apply to such an estate. There is no such thing as a seizin of a remainder after a freehold estate, because the remainderman can have no actual seizin and no right to the possession or enjoyment of the land until the determination of the particular estate, and for this reason a widow is not dowable of such a remainder, though even a husband's seizin in law is sufficient to support the right of dower. If the statute refers to a constructive instead of an actual possession, the plaintiff must fail in his contention because that title which draws to it the possession, in the absence of actual possession, so that the law adjudges the possession to be constructively with the title, is the legal title which is held by the mortgagee, and it has been expressly adjudged that the constructive possession is in the mortgagee under such circumstances and where there is no outstanding life estate, and as between him and the mortgagor. *Parker v. Banks,* 79 N. C., 485. A valuable part of the remedy of the defendant as mortgagee is the right to enter upon and take possession of the premises. *Credle v. Ayers,* 126 N. C., 11; 48 L. R. A., 751; *Wittkowski v. Watkins,* 84 N. C., 456. As this right could not be exercised till the life estate fell in, the law will not bar his right, for the law bars the right of entry and of action of him only who can, but does not, either enter or sue. 2 Jones Mort. (6 Ed.), sec. 1210; *Bruner v. Threadgill,* 88 N. C., 366; *Lee v. McKoy,* 118 N. C., 525.

But we think the plaintiff must fail on his plea of the statute by reason of the very words of the act itself. It is impossible to suppose that the Legislature intended a constructive possession, for the "mortgagor or grantor" could never have such possession as against a mortgagee. The latter, we have already seen, has the right of possession by construction of law, as he has the legal title, and, if a constructive possession was intended, there was no use in requiring possession at all, as, if neither party was in actual possession, the constructive possession would always be in the mortgagee. *Dobbs v. Gullidge,* 20 N. C., 68; *London v. Bear,* 84 N. C., 266; *Deming v. Gainey,* 95 N. C., 528; The Code, sec. 146; *Williams v. Wallace,* 78 N. C., 354. We cannot resist the conclusion from the language of the act itself, when read in the light of well-settled legal principles governing the relation of mortgagor and mortgagee, that an actual possession was intended. Besides, it had always been held, before the adoption of sec. 152 (3) of The Code, that nothing short of an actual possession for the required period of time would be a good bar to the mortgagee's right. Adams Eq. (5 Am. Ed.), 144, note 2, and cases; *Roberts v. Welch,* 43 N. C., 287; *Moore v. Cable,* 1 Johns., ch. 385; *Bollinger v. Chouteau,* 20 Mo., 89; *Locke v. Caldwell,* 91 Ill., 417; *Morgan v. Morgan,* 10 Ga., 297; *Cholmondely v. Clinton,* 2 Jac. & Walk., ch. 186. The principle was adopted in analogy to the statute of limitations tolling the right of entry after twenty years' adverse possession. *Hughes v. Edwards,* 9 Wheat., 489. Pingrey in his work on mortgages, sec. 2238, says: "When the mortgaged land is not in the actual possession of either the mortgagor or the mortgagee, the title remains undisturbed as fixed in the deed of mortgage, and the presumption does not arise of payment or of the running of the statute to the prejudice of either. The mere lapse of time, unaccompanied by any possession, neither disturbs the

right to redeem nor the right to foreclose." See also, section 2242; 2 Jones Mort. (6 Ed.), sec. 1212. We cannot consider the word "possession" in the connection in which it appears in the statute without associating our idea of its true meaning with the *pedis possessio,* nor can we help thinking how vain it would be to use the word in any other sense.

But the question, it seems to us, has been settled and closed by the decision in *Simmons v. Ballard,* 102 N. C., 105, in which it was held that the possession of the mortgagor in order to bar the right of the mortgagee to foreclose must be the same kind as that required to be held by the mortgagee in order to bar the mortgagor's right to redeem, which is an actual possession, or "the possession and the exercise of full ownership over the land," for the prescribed period of time after the default of the mortgagor. *Edwards v. Tipton,* 85 N. C., 479; *Ray v. Pearce,* 84 N. C., 85; *Woody v. Jones,* 113 N. C., 253. If the interpretation of the statute, which the dissenting Justice in *Simmons v. Ballard* thought was the correct one, had been adopted by the Court, namely, that constructive possession is sufficient to bar the mortgagee's right to foreclose, the plaintiff would still fail to make good his contention, as it was admitted by the learned Justice who wrote the dissenting opinion, that the constructive possession is in the mortgagee, in the absence of actual occupation by either party, and it is conceded that there was none in this case.

It is suggested that the case comes within the provision of section 158 of The Code by which an action for relief not provided for in chapter 3 is barred unless commenced within ten years after the cause of action accrued. The conclusive answer is that an action wherein the relief consists in foreclosing a mortgage is especially provided for in that chapter by section 152 (3), and, in order to bar an action for relief under that section two things must concur, namely, the lapse

of ten years after the forfeiture or after the power of sale became absolute or after the last ·payment, and the possession of the mortgagor during that period.  This is an express provision of law directly applicable to an action to foreclose, and we must disregard altogether section 152 (3) before we can hold that section 158 has any application.  Such a construction of section 158 would be a complete reversal of the will of the Legislature as plainly expressed.  We do not think that in any case to which section 158 has been applied, the relief prayed for was the same in fact or in principle as that sought in this case.  Indeed, there are several cases decided under section 158, in which the principle of section 152 ·(3) has been adopted by analogy, and in which it was held that a party who remains in possession of land is not barred of any equity therein by lapse of time, and that the statute runs only where the other party has had possession.  *Thornburg v. Maslin,* 93 N. C., 258; *Mask v. Tiller,* 89 N. C., 423; *Slith v. McKee,* 87 N. C., 389; *Norton v. McDevit,* 122 N. C., 756.  It is true that in *Menzel v. Hinton,* 132 N. C., 660, 95 Am. St. Rep., 660, the Court held that there might be a sale under the power contained in a mortgage without resorting to an action to foreclosure, and it is also true that the Court conceded that such an action would be barred by the lapse of ten years after the last payment; but with this proviso, that the mortgagor had been in possession during the prescribed period.  This appears at page 666 in the following passage: "It is conceded that if it were necessary for the mortgagee to bring an action to invoke the equitable aid of the Court to foreclose his mortgage after the expiration of the ten years from the last payment on the debt, the mortgagor being in possession, he would be barred, because in that event he would abandon his power of sale and ask for the intervention of the Court, which would be compelled to enforce the statutory bar."  The theory of the statute is that there

has been an abandonment of the right, which will not be presumed unless the party resisting the enforcement of the right has had possession.

It is provided by section 152 (2) and (3), that the statute shall not run at all in an action for the redemption of a mortgage unless the mortgagee has been in possession, nor in an action for foreclosure unless the mortgagor has been in possession. Where there is no possession by either party, there can be no running of the statute. If it was intended that section 158 should apply where there is no possession by either party, it was utterly useless to insert in section 152 (2) and (3) the provision in regard to possession, as the statute, under such a construction of section 158, would run whether there was any possession or not, and the period of limitation is the same in both sections. The decision of this question in favor of the defendant renders unnecessary any reference to the other points discussed.

There was error in the instruction of the Court.

New Trial.

CLARK, C. J., dissenting. The case herein presented falls within the express words and the purpose of The Code, sec. 158—"An action for relief *not herein provided for* must be commenced within ten years after the cause of action shall have accrued." This section was intended to be a universal statute of repose, applying to all causes of action not included among those specifically enumerated in the preceding sections of the statute of limitations. It could have no other purpose. If it does not apply to this case, by what reasoning can it be made to apply to any? Many of the cases in which it has been applied are to be found in Clark's Code (3 Ed.), pp. 75-78, to not one of which it was more applicable than this. It being almost impossible to enumerate all cases for which a statute of repose was needed, this section was passed

to embrace, in its very words, any "action for relief not herein provided for." This mortgage could have been foreclosed in an action at any time subsequent to the last payment in 1890. The defendant, Wester, having failed to do so for ten years, is debarred by section 158 from having recourse to such action now. In *Menzel v. Hinton,* 132 N. C., 660, emphasis was put on the fact that to sell under the power of sale required no *action* in court, for, it was conceded, such action would be barred. The Code, sec. 152 (3), applies only where the mortgagee or trustee is in possession. The opinion of the Court in this case rests upon the ground that it does not apply where the mortgagee or trustee has not been in possession, hence such case necessarily is one not therein "provided for" and falls under section 158. There is no provision in section 152 (3) forbidding the statute to run except when the mortgagee or trustee is in possession, but merely that in such case the bar is ten years. There is no reason why the general bar of ten years should not apply to the case where the trustee or mortgagee is not in possession as well as to other omitted cases, for section 158 applies to all cases not otherwise "herein provided for."