R. L. COOPER v. G. P. AXLEY.

*Action to Recover Land—Agent—Estoppel on Agent to Deny*
*Principal's Title.*

In an action to recover land a defendant who went into possession under
the plaintiff's grantor, as his agent, is estopped to deny plaintiff's
title.

CIVIL ACTION for the recovery of land, tried at July Special Term, 1893, of CHEROKEE Superior Court, before *Graves*, *J.*, and a jury.

The plaintiff offered in evidence:

"1. Deed from G. W. Akin and wife to J. W. Blackwell, dated December, 1889, and registered June, 1893.

"2. Deed from Blackwell and wife to J. E. Graham, dated January 8, 1891, registered January 30, 1891.

"3. Deed from J. E. Graham and wife to J. W. Blackwell, dated January 30, 1891, registered January 31, 1891. This is a mortgage deed.

"4. Deed from Blackwell to R. L. Cooper, dated February 23, 1891, and registered May 8, 1892. This is a mortgage deed. These deeds all cover the land in controversy, which is part of tract No. 34 in district No. 3.

"5. Plaintiff offered a grant from the State of North Carolina to Montgomery Bell for tract No. 34, of which the land in dispute is a part, which grant is dated May 31, 1853."

G. W. Akin, a witness for plaintiff, testified: "I was in possession eight or nine years; Blackwell went into possession under me; he took possession in 1889, at the date of his deed from me. I have not been in the possession since then. Blackwell built a store-house on the land."

A. W. Axley, for the plaintiff, testified that he knew the land. "G. P. Axley is in possession, and has been since

January, 1891; he went there as my clerk; J. E. Graham and myself bought a stock of goods in the store-house on the land from Blackwell and went in under Blackwell. G. P. Axley has been there ever since as my clerk. I was two months in possession under Graham. Graham and I rented the property at $5 per month. G. P. Axley refused to give up land after dissolution between witness and Graham." Witness paid rent to Graham until he understood his brother bought.

R. L. Cooper, the plaintiff, testified: "G. P. Axley was in possession February 23, 1891. I told Axley I wanted him to pay rents. He said he had examined the statute and records and found no deed from Akin to Blackwell had been recorded and he had bought from Akin."

The plaintiff offered a Sheriff's deed for the property, but as no point arises on this branch of the case it was not set out.

The charge of the Court, which was in writing, is as follows:

"The plaintiff claims under two titles—first, by Sheriff's deed. On this line plaintiff has failed to show title in Blackwell, and therefore cannot recover on that ground, for he does not show anything in Blackwell which makes a good title."

There is no exception to this part of his Honor's charge.

"The second ground upon which the plaintiff bases his claim is that the defendant is estopped to deny the plaintiff's title. It is a general rule that the plaintiff must make his title good against all the world. But to this there is the exception that in some cases the defendant is not allowed to deny the plaintiff's title, and thus he may recover although he does not show title in himself; hence if the defendant went into possession under the plaintiff or those from whom he has deeds—that is, under Blackwell and

under Graham—he cannot be heard to deny the plaintiff's title. So the question is narrowed down to this: 'Did the defendant enter as the tenant or under the authority of Graham or Blackwell?' If so, he cannot deny these titles, and Cooper, having deed from Blackwell, would be entitled to the land as against him. How this matter is in fact is for the jury to determine. It is not denied that in some instances a tenant may show a better outstanding title.

"In this action, although plaintiff has shown a grant to Montgomery Bell and has not connected the plaintiff with it by mesne conveyance, still he would not be allowed to avail himself of such apparent better title so long as he remained in possession claiming the land as his own."

To the whole of the charge on the second ground on which the plaintiff bases his claim the defendant excepted.

The defendant requested the Court to charge that "by his own evidence, by the grant to Montgomery Bell, having shown he had no title to the land in controversy, but by his own showing the title was in Bell, the defendant is not estopped to deny plaintiff's title, and that plaintiff cannot recover.

"That if G. P. Axley was found by the jury on the land as the clerk only of A. W. Axley he, the defendant, is not estopped to deny the plaintiff's title."

Both these requests were refused by the Court, and defendant excepted.

There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Messrs. J. W. & R. L. Cooper* and *Edmund B. Norvell*, for plaintiff.

No counsel *contra*.

AVERY, J.: Graham, claiming under a deed from Black-

well, during the month of January, 1891, put the defendant as his clerk in possession of the land in dispute. On the 31st day of the same month Graham reconveyed to Blackwell, who had previously conveyed the premises to him. A person holds possession for himself or by his agents, his servants or his tenants. *Williams* v. *Wallace*, 78 N. C., 354; *Ruffin* v. *Overby*, 105 N. C., 86. Axley was therefore holding as the agent or servant of Graham, when the latter reconveyed to Blackwell, through whom the plaintiff claims by mesne conveyances. Being his servant, Axley is as certainly estopped by Graham's deed as is the grantor himself, with whom he is in privity. He occupies the same relation as a tenant of Graham as did Graham himself to those holding under his deed, and it does not seem that he was entitled to the favor which the Court extended in submitting the case under the rule of evidence applicable, where contestants deraign title from a common source. The defendant in this case was estopped by the deed of Graham, with whom he is in privity, not confined simply by a rule of evidence to testimony tending to connect himself with the better title shown in Montgomery Bell or his heirs by the grant dated May 31, 1853. But he failed upon the testimony offered to connect himself with that grant, and in any view of the evidence, therefore, the plaintiff was entitled to recover.

Judgment Affirmed.