Daniel, J.
 

 In this case it is admitted that the sate of the slave in controversy, by the executors of Hileck to'the widow
 
 *589
 

 was bona» fide.
 
 When she afterwards married Lentz, the slave, by force of law, became his property. The judgments. which the present defendants and others obtained against Hi: leek’s executors, were all taken
 
 de bonis testatoris. The
 
 Sheriff, therefore, had no right, under the executions issued on the said judgments, to levy them on the slave of Lentz.— And as he did, and afterwards sold the slave under the executions, he was guilty of a
 
 tort
 
 and conversion, if he had no licence from the owner of the slave to do the act. And, if the present defendants received the money, with a knowledge that it was so wrongfully raised out of the property of Lentz for their benefit, it was evidence of their assent to the
 
 tort
 
 of the officer, and would make them also guilty of the
 
 tort
 
 by relation. Sewell on Sheriffs, 248, 1 Mauh. & Sel. 583, 599, Stra. 996. Brown on actions at law, 110,113. And on this ground we suppose the judge considered the case to rest. But the evidence furthermore shewed, that, after the levy, Lentz con-tinned' in possession of the slave; and, on the day of sale, he brought her to the place of sale, and was present and made no objection to the sale ; and that he, furthermore, then endeavored to borrow money, as he declared, with a view to purchase the slave himself. It seems to us that the bare levy by the Sheriff, and then leaving the slave in the possession of the owner did not amount to a tortious conversion. And, as the subsequent sale of the slave was made by the consent of the owner and in his presence, that act was not such a conversion, as to enable the owner to maintain an action of trover against the Sheriff; and much less against the present defendants for receiving the purchase money, although they knew that the' money was the price of the said negro. This is not upon the ground of. his presence being an estoppel, but that his conduct amounted to an assent to the Sheriff’s acts. It is probable)when the testator’s debts were found to be so much larger than was expected, and so the purchase by the widow turned out to be a hard bargain, her second husband was willing to give up the negro to be sold under the execution. At all events he gave the Sheriff every reason so to think; and, after
 
 *590
 
 concurring in the sale as he did, he cannot treat it as a wrong'* conVersion. The judge refused to nonsuit the plaintiffs or to charge in favor of the defendants on this evidence. We think the judgment must be reversed and a new trial granted*
 

 Per Curiam, Judgment reversed and a
 
 venire de novo
 
 awarded.