FRED. H. STITH and others v. JOHN F. McKEE and others.

*Deed—Evidence—Equity—Correcting Mistake.*

1. Evidence of the value of land seven years after the execution of a deed conveying it, is not incompetent, as bearing upon the intention of the maker to convey a fee simple estate, to show that the consideration recited was the full value of that quantity of interest, even though the same is not paid in money, but in property.

2. Where a party has been in continued possession of land, the court will not withhold its aid in correcting a deed therefor upon the ground of his laches in seeking relief ; to deprive him of this, there must be an abandonment of right or acquiescence in the enjoyment of the property by another, inconsistent with his own claim.

(*Jones* v. *Sasser*, 1 Dev. & Bat., 452; *Lewis* v. *Cox*, 4 Ired. Eq., 198, cited and approved.)

EJECTMENT tried at January Special Term, 1882, of DAVIDSON Superior Court, by *Seymour, J.*

This is an action for the recovery of land begun in 1881. Both parties claim under Nancy Trotter—the plaintiffs under a conveyance from her heirs since her death, and the defendants under mesne conveyances from Philip Hendrick, to whom she conveyed in 1826.

The deed to Hendrick after acknowledging the receipt of the sum of two hundred dollars as its consideration, contains the following limitation :

" The aforesaid land with all its waters, woods, &c., to have and to hold, and I the said Nancy Trotter do for myself and my heirs warrant and forever defend the right and title of the above bounded land against all and every other person or claim on the said Philip Hendrick, his heirs and assigns forever, &c."

The plaintiffs insist that the effect of the deed was to pass only a life estate to Hendrick, and as he is now dead, they are entitled to the possession of the land. On the other hand

the defendants insist that it passed a fee simple estate, but that if it did not, it was so intended, and so understood by the parties, and if there is any failure in it, it is owing to a mistake in the draftsman.

In response to an issue submitted to them the jury found affimatively, " that it was the intention of Nancy Trotter to convey, and of Philip Hendrick to purchase an estate in fee, by the deed, and that it was the intention of the parties that the deed should pass such an estate, and the words of inheritance were omitted by mistake."

Upon the strength of the verdict, judgment was rendered for the defendants, and the plaintiffs appealed.

*Messrs. W. H. Bailey* and *Merrimon & Fuller,* for plaintiffs.
*Messrs. J. M. Clement, J. M. McCorkle* and *G. N. Folk,* for defendants.

RUFFIN, J.   The finding of the jury makes it unnecessary that we should consider the question as to the operation of the deed, and the estate which it in fact passed ; for however that may be, the defendants are clearly entitled to the judgment of the court, unless some error was committed in the conduct of the trial, of which the plaintiffs can complain, and for which they are entitled to have the verdict set aside; as to which we will now proceed to consider their exceptions.

As bearing upon the intention, with which the deed was executed, the defendants offered evidence as to the value of the land in 1826, and to show that the sum of two hundred dollars recited in the deed as its consideration, was the full value of the fee simple estate therein.   The first exception taken was, that one of their witnesses was allowed to speak of its value in 1833—seven years after the execution of the deed.

The most that could be said against this evidence is, that it was immaterial, and conceding it to be so, it would not be

proper to disturb the verdict on account of its admission. If immaterial, then it was harmless. If pertinent, then it was competent.

With the same view of affecting the intention of the parties to the deed, the plaintiffs offered evidence going to show that the consideration of two hundred dollars, recited therein, was not paid in money but in a stallion, and they then offered to show, by common reputation the value of the animal, which upon objection they were not permitted to do.

We deem it needless to consider the quality of the testimony offered, for whatever may have been the actual value of the horse, supposing the consideration to have been discharged in that way, the parties to the contract put their own estimate upon him—the one agreeing to part with, and the other to accept him at the price of two hundred dollars; and the only effect of the evidence, if received, could have been to show that they were mistaken in their estimate as to his value, and not as to the price agreed upon for the land; and therefore it could avail nothing towards conducting the jury to a proper conclusion as to the latter matter. If offered for the purpose of contradicting the deed, by showing that the real consideration paid was less than the one recited upon its face, then, in the absence of any suggestion of fraud or imposition, the testimony was clearly incompetent. *Jones* v. *Sasser,* 1 Dev. & Bat., 452; *Powell* v. *Man. Company,* 3 Mason, 347; *Shelby* v. *Wright,* Willes Rep., 9.

The plaintiffs insist that Hendrick and those claiming under him have forfeited their right to the aid of the court, in correcting the deed, by reason of their delay in seeking such relief, and they therefore moved the court to give them judgment notwithstanding the verdict of the jury, but this the court declined to do.

That one may preclude himself by his laches from asserting a right which otherwise the courts would help him to

enforce, there are abundant authorities to show.  But to do so in any case, there must be something, on his part, which looks like an abandonment of the right, or an acquiesence in its enjoyment by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance in which a court has withheld its aid in the enforcement of an equity, on the ground of the lapse of time when the party seeking it has himself been in the continued possession of the estate to which that equity was an incident.

The cases, to which counsel referred us, were all cases depending upon the statute of limitations, or some kindred statutory provision, and in every instance there was a possession held adversely to the party seeking to be relieved.

In *Lewis* v. *Cox*, 4 Ired. Eq., 198, the distinction which we are now attempting to make seems to be pointed out.  That was a suit for the specific performance of a contract for the purchase of land, instituted after the lapse of forty years from the date of the contract.  The court held that the lapse of time furnished strong grounds to believe that the contract had been abandoned, and at all events, repelled all claim to the interference of a court of equity; but at the same time there was a plain intimation that the decision would have resulted differently, if the plaintiff could have shown that he had entered, and kept possession under the contract.

In our case, Hendrick, the original purchaser, took possession under color of a deed, which, as the jury find, was intended to convey to him an absolute estate in the land, and he and those coming in under him have retained that possession continuously since 1826—just that possession which they would have taken and retained, had the deed been such as it was intended to be.  Where then is the evidence of any abandonment of their right in the premises? or of any acquiescence in its enjoyment by another, incon-

sistent with the relief they now seek at the hands of the court?

While bound, like all others, to understand the law. and to know the legal import of the deed under which they hold, they were not bound to anticipate an effort on the part of the plaintiffs or those who sold to them, to defeat the intention with which the deed was made, and to assert an inequitable claim to the land thereby conveyed. Until assailed from some quarter, they were not called upon to act, and consequently no presumption could arise against them because of their failure to do so.

The conclusion of this court therefore is that there is no error in the judgment of the court below, and the same must be affirmed.

No error.                                Affirmed.