JAMES MASK v. LEWIS TILLER and others.

*Statute of Limitations, in fraud and mistake—Equity, not withheld on ground of lapse of time—Exceptions to the rule.*

1. The statute of limitations barring actions for relief on the ground of fraud after three years from the discovery of facts constituting fraud, prior to the amendatory act of 1879, ch. 251, does not apply to a case where no fraud, but only a mistake, is alleged.

2. The enforcement of an equity will never be denied, on the ground of lapse of time, where the party seeking it has been in continuous possession of the estate to which the equity is an incident.

3. The court will lend its aid in every such case, except where, by laches, the party has abandoned his right and acquiesced in its enjoyment by another in a manner inconsistent with his own claim.

(*Stith* v. *McKee*, 87 N. C., 389, cited and approved).

EJECTMENT tried at Spring Term, 1883, of RICHMOND Superior Court, before *MacRae, J.*

The plaintiff alleged that he was the owner in fee-simple of the land in dispute, and that defendants unlawfully withheld possession thereof. In support of his title, the plaintiff offered in evidence a deed from Walter F. Leak and wife to him, dated December 3, 1872.

The defendants specifically denied each allegation of the complaint, and by way of counterclaim, alleged that Jack Ledbetter,

their father, employed the plaintiff to purchase the land from said Leak, who was then the owner of it; that it was agreed that the deed should be made to the plaintiff, and the land by him conveyed to said Ledbetter, or that the deed should be made directly to Ledbetter; that Ledbetter furnished the purchase money, and the plaintiff took the deed to himself; that Ledbetter went into possession of the land, and he and those claiming under him have had possession ever since; that said Ledbetter is dead, and the defendants are his children and heirs at law. The defendants, therefore, ask that the plaintiff be declared a trustee for their benefit, and that he be ordered to make them a title to the land.

The plaintiff, replying, denied each of the allegations set up in the counterclaim, and pleaded the statute of limitations.

Much evidence was offered on each side as to the question whether there was such an agreement as that alleged in the counterclaim, and whether Jack Ledbetter had paid the purchase money for the land.

It was in evidence on the part of the defendants that Ledbetter died on the 9th of January, 1873; that he built a house on the land, and lived there about a year before he died, and his widow and children lived there until she died, and the defendants, the children, have continued to live there ever since; that the defendant Fannie Black also lived there a while with the widow, but had moved away.

It was agreed that the deed from Walter F. Leak was made to the plaintiff, and that the defendants Ella Tiller (wife of Lewis Tiller) and Thomas and Allen Ledbetter were the children of Jack Ledbetter, deceased; and there was evidence that they were all minors at the commencement of this action.

The following issues were submitted to the jury:

1. Did the plaintiff agree to buy the land for Jack Ledbetter? Yes.

2. Did Jack Ledbetter pay the purchase money for the land? Yes.

3. Is the defendants' claim barred by the statute of limitations? No.

4. What damage, if any, has the plaintiff sustained by reason of defendants' unlawfully withholding possession?

It was admitted by plaintiff's counsel that the jury should find in the affirmative in response to the first and second issues, and they were instructed by the court that they should so find.

Plaintiff's counsel insisted that defendants' claim was barred by the statute of limitations, under the provisions of sub-division 9 of section 34 of the Code of Civil Procedure, and requested the court to charge the jury that if they believed the evidence, the plaintiff was entitled to recover; and further, that if Jack Ledbetter in his life-time had notice that the deed was made to plaintiff, and plaintiff refused to convey to him, the defendants' claim was barred by the statute.

His Honor declined so to instruct the jury, but charged them that upon the evidence the defendants' claim was not barred, and that they should find in the negative in response to the third issue. The plaintiff excepted. The jury responded as above indicated. Judgment for defendants; appeal by plaintiff.

*Messrs. Frank McNeill* and *J. D. Shaw*, for plaintiff.
*Messrs. Burwell, Walker & Tillett*, for defendants.

Ashe, J. The only question raised by the pleadings is whether the counterclaim set up by the defendants was barred by the statute of limitations. The plaintiff insists that it is barred by the Code of Civil Procedure, §34, sub-sec. 9, which bars actions after three years, and as originally enacted, reads:

"An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by courts of equity, the cause of action in such cases not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud."

This act was amended by the act of 1879, ch. 251, by insert-ing after the word "fraud," wherever it occurs, the words "or mistake."

So that, prior to the act of 1879, there was no statutory bar of three years to an action for relief on the ground of mistake.

In relying upon this enactment, the plaintiff sets up a discred-itable defence. He says to the defendants, "I know I purchased this land as your father's agent, and that he paid the purchase money, and I ought to be bound in conscience to make you a deed for it, but I committed a fraud on you by taking the deed to myself, and I now avail myself of that fraud to defeat your claim."

The statute of limitations was mainly intended to suppress fraud, by preventing fraudulent and unjust claims from being asserted after a long lapse of time. It ought not, therefore, to be so construed as to become an instrument to encourage fraud, if it admits of any other reasonable interpretation. Angel on Limitations, §186. The like spirit should govern the construc-tion of the facts and circumstances of a transaction so as to take it out of the operation of the statute, where gross injustice would be worked by its application.

Viewing the facts of this case in that light, we do not think the statute of limitations, relied on by the plaintiff, can avail him.

The defendants, in the statement of the facts of their counter-claim, do not charge the plaintiff with fraud in taking the deed in his name. They allege that it was agreed, either that the deed should be made to the plaintiff and the land by him con-veyed to Ledbetter, or that the deed should be made directly to Ledbetter. And on the trial, one Sandy Leak, introduced as a witness by the defendants, testified "that the plaintiff told wit-ness that Jack Ledbetter furnished him the money to buy the land, and old man Walter Leak made the deed wrong, and that they were to meet to exchange the deeds." So that whatever purpose the plaintiff may have entertained subsequently to de-fraud the defendants, the evidence tends to establish the fact that there was no fraud practiced by the plaintiff in the execution of

the deed, but that it was executed by the vendor through a mistake (which was natural enough, as the money was handed to him by the plaintiff); whereas the section of the Code of Civil Procedure upon which the plaintiff relies for barring the defendants' claim, as originally passed, only applied to an action for relief on the ground of fraud; and as there was no fraud alleged in this case, but only a mistake, the enactment has no application. Nor in its amended form, as enacted by the act of 1879, did it have any application, for Jack Ledbetter died in 1873, before the act of 1879 was passed. Nor did it apply to the defendants after the amendment in 1879, for the reason that the defendants who were the heirs-at-law of Jack Ledbetter at that time, were all minors, under the disability of infancy, and continued to be so until the commencement of this action.

But aside from that view of the question, and conceding that this was a constructive trust, which could only be enforced under the former practice, by a court of equity, and that the deed was obtained by fraud, it does not follow that the defendants are barred by the statute. Jack Ledbetter took possession of the land soon after the purchase by the plaintiff as his agent, and he and his heirs, the defendants, have held the peaceable possession of it ever since; and in *Stith* v. *McKee*, 87 N. C., 389, Mr. Justice RUFFIN, speaking for the court, said, "that one may preclude himself by his laches from asserting a right which otherwise a court would help him to enforce, there are abundant authorities to show; but to do so in any case, there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoyment by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance in which the court has withheld its aid in the enforcement of an equity, on the ground of the lapse of time, when the party seeking it has himself been in the continued possession of the estate to which that equity was an incident."

We are of opinion there is no error in the judgment of the superior court. It must therefore be affirmed.

No error.                                        Affirmed.