### C. L. HINTON v. GRIFFIN PRITCHARD.

#### Evidence— Witness.

1. Where a witness testified that the true consideration of note given for the purchase of land was $2,400, and his testimony was impeached, it was competent, for the purpose of corroborating him, to admit in evidence a deed made not many years before, to a person under whom the plaintiff claimed, in which the consideration was stated to be $2,400.

2. The defendant having testified that he had paid a bond prior to September, 1882, it was not competent to prove that he was insolvent in 1884 and 1885, for the purpose of contradicting him.

3. The defendant having denied that at a certain time and place he had stated that he was insolvent, it was not competent to contradict him by showing he had made such statement. The inquiry was collateral and the plaintiff was bound by the answer.

(*Kramer* v. *Electric Light Co.*, 95 N. C., 277; *Nichols* v. *Pool*, 2 Jones 29; *Warren* v. *Makeley*, 85 N. C., 12; *Bruner* v. *Threadgill*, 88 N. C., 361, and *Smith* v. *McKee*, 87 N. C., 389, cited).

This was a CIVIL ACTION for the recovery of land, tried before *Avery, Judge,* at the June Term, 1887, of the Superior Court of PASQUOTANK county.

Plaintiff introduced a deed from J. L. Hinton to defendant for the lands in controversy, reciting a consideration of $5,500; a mortgage from defendant to J. L. Hinton, trustee, securing the payment of a bond for the recited consideration of $5,500, and a deed from J. L. Hinton, trustee, to plaintiff, reciting a sale of said lands under said mortgage. Plaintiff

next introduced J. L. Hinton, who testified that defendant had paid nothing on said bond prior to said sale; that he had lost the bond in July or August 1885; that at the time of its loss it had a credit on it of $1,000, less $50.00 commission, expenses of sale and taxes, and that he had it in his possession on day of sale, September 30th, 1880, and was owner of the same.

Defendant, in his own behalf, testified that he was to pay J. L. Hinton only $2,400 for the land in controversy, and that the consideration of the bond of $5,500 was the $2,400 purchase money, a balance of $100 interest on same, and $2,000 J. L. Hinton agreed to furnish him for the purpose of getting timber off a farm in Hertford county, and a $1,000 bonus; and the bond had been paid and released prior to 30th September, 1880.

The other facts necessary to an understanding of the points decided are stated in the opinion.

*Mr. E. F. Aydlett,* for the plaintiff.
*Mr. John Gatling,* for the defendant.

MERRIMON, J.  The defendant testified on the trial, in his own behalf, that a part of the consideration of the note executed by him in question, dated the 19th May, 1871, was $2,400, the price given by him for the tract of land in controversy, and this evidence was material.

The plaintiff sought to impeach this witness.

As corroboratory of what he had testified to, the latter put in evidence a deed dated the 21st of August, 1868, made by one Leigh to the person from whom the plaintiff purported to purchase the same land, in which it was recited that $2,400 was the price thereof.  The Court received this evidence for the purpose mentioned, and the defendant excepted.

The evidence was properly received. It tended somewhat to prove the value of the land, and that the defendant had paid the price he testified he had paid for it. *Smith* v. *McKee*, 87 N. C., 389. It would have been different if it had been proposed to prove the value of the tract in question by showing the value of an adjoining tract. *Warren* v. *Makeley*, 85 N. C., 12; *Bruner* v. *Threadgill*, 88 N. C., 361.

The defendant had also testified that he had paid the note mentioned above, before the 30th day of September, 1880, and had produced other evidence tending to prove that he had paid the same. The plaintiff offered evidence to prove that the defendant was insolvent in the years 1884 and 1885, and that he told a person named at a particular time and place that he was then insolvent, he having testified on cross examination that he did not so tell that person.

The Court refused to receive the proposed evidence, and we think properly. That the defendant was insolvent during the years mentioned, did not tend—certainly not with sufficient directness—to make it evidence to prove that he was insolvent before 1880, especially in the absence of other evidence going to show insolvency prior to that time. *Nichols* v. *Pool*, 2 Jones, 29.

The defendant was asked the question if he had not told the person named that he was insolvent at the time and place named, for the purpose of contradicting him. This inquiry was as to a fact purely collateral, and the plaintiff was bound by the answer to it. *Kramer* v. *The Electric Light Co.*, 95 N. C., 277.

There is no error, and the judgment must be affirmed.

No error.                                        Affirmed.