ED. SHELL AND L. S. RHYNE v. JANE LINEBERGER.

(Filed 3 May, 1922.)

### Actions—Equity—Nonsuit—Statutes—Executors and Administrators.

Where there is evidence in support of defendant's counterclaim that she had rendered services to her mother, in the latter's lifetime, under an express promise to pay for them, and that her mother had died without property, except her home place, which continued to remain in the defend-

ant's possession after her death; and that the plaintiff was the grantee of her brother, who had obtained the *locus in quo* by a fraudulent deed from his mother of which the defendant had full knowledge, or actual or constructive notice thereof: *Held*, the fact that more than one year had elapsed before the beginning of the present action, from the termination by nonsuit of the defendant's action to recover for such services from the administrator of her mother, does not bar her recovery upon her counterclaim, the same being of an equitable nature to which our statute, C. S., 415 (Rev., 370), has no application, under the facts of this case, the defendant having, all the time, had continuous possession of the land. *Mast v. Tiller* cited and approved.

APPEAL by defendant from *Ray, J.,* at December Term, 1921, of GASTON.

*No counsel for plaintiff.*
*Mangum & Denny for defendant.*

WALKER, J. This action was brought to recover a tract of land consisting of one acre and eight poles, situated about one mile from the town of Dallas, on the Dallas and Spencer Mountain road, the defendant being in the possession of the same. She alleged in her defense that the land was at one time owned by her mother, Mrs. Sarah Lineberger, who died in the year 1907, and that a short time prior to her death the defendant rendered services to her mother from 15 February, 1903, to 10 April, 1907, for which the latter promised to pay the reasonable value thereof, which amounted to $400. After her mother's death, the defendant brought an action against her administrator, and at his death continued the same against her administrator *de bonis non* to recover the amount of her claim, and for the purpose of having the land sold to pay it, and the said action pended in the Superior Court of Gaston County for a long time and until a nonsuit was entered therein in the year 1916.

In this action defendant pleaded as a counterclaim or defense the said indebtedness due from her mother to herself, and alleged in that connection that her brother, Jonah Lineberger, had fraudulently and by undue influence procured from their mother, Sarah Lineberger, a deed for the premises in question, and had afterwards conveyed them to the plaintiffs, who had at the time full notice, actual and constructive, of the defendant's claim and equity against the land; that her brother paid nothing for the land, the deed to him being entirely voluntary, and that Sarah Lineberger retained no property with which to pay her then existing debts, she being utterly insolvent, having no estate whatever except the land conveyed by her to Jonah Lineberger. Defendant prayed for judgment for the amount of her claim against her mother, and that the land be subjected to its payment, and upon the allegations in her answer, the

defendant tendered issues which the court refused to submit to the jury, but, on the contrary, submitted the issues tendered by the plaintiffs which, with the answers thereto, were as follows:

"1. Are the plaintiffs the owners of and entitled to the possession of the lands described in the complaint? Answer: 'Yes.'

"2. Is the defendant in the unlawful possession of the lands described in the complaint? Answer: 'Yes.'

"3. What damages are the plaintiffs entitled to recover of the defendant for the wrongful detention of the lands described in the complaint? Answer: 'Three years and eight months, $366.67.' "

The administrator *de bonis non* of Mrs. Sarah Lineberger filed an answer as follows:

"Wiley L. Serves, administrator *d. b. n.*, says:

"1. That he has been appointed administrator *de bonis non* of the estate of Sarah Lineberger by the Superior Court of Gaston County.

"2. That he is not advised of the facts or the legal conclusions therefrom that are involved in the above entitled action, but that the same affect the estate of his decedent.

"3. That having no knowledge or sufficient information of the claim or the grounds therefor, as set forth in the answer of the defendant Jane Lineberger, he denies the same.

"Wherefore, he prays that he be allowed to come into said cause as a party, that the court advise him of his duties with regard to the case at bar, and instruct him upon any judgment that may be rendered therein."

(Duly verified.)

There was no plea of the statute of limitations by the administrator *de bonis non*. The plaintiffs, in their reply to the answer, attempted to plead the statute of limitations to the defendant's claim against the estate of Mrs. Sarah Lineberger, but did not succeed in doing so, as their plea is not in due and proper form for that purpose, though this may be remedied by amendment if permitted by the court. Plaintiffs did plead adverse possession by themselves for seven years under color of title for more than seven years since the death of Mrs. Sarah Lineberger.

The defendant alleged in her answer that the plaintiffs were fully aware of her right and equity, as a creditor of her mother, when they allege that they purchased the land from Jonah Lineberger.

Defendant further alleged in her answer that she has been in the actual adverse possession of the land ever since her mother's death in 1907, and this was actually known to the plaintiffs when they are alleged to have bought the same from Jonah Lineberger, and she avers that the fact of her possession was notice to them of her claim and equity, as against the land, to have it sold and the proceeds of the sale applied to the payment of the debt she holds against her mother's estate.

There is an allegation by the plaintiffs in their reply that this suit was not commenced within one year after nonsuit in the other case. Apart from the fact that the two suits are not between the same parties, the first action having been between Jane Lineberger, as plaintiff, and R. L. Martin, as administrator of Sarah Lineberger, and Jonah Lineberger, as defendants, and this suit being between the plaintiffs and the defendant herein named, we said in *Grimes v. Andrews,* 170 N. C., 515, at p. 522: "Nor do we think that the plaintiff can gain anything by reason of the fact that the suit was not revived within one year after the dismissal. That is required to be done only under Rev., 370, where the statute of limitations would otherwise bar by the lapse of the period prescribed for bringing the suit. It was held in *Keener v. Goodson,* 89 N. C., 273, that section 370 was intended to enlarge the period of limitation and not to abridge it. But the conclusive answer to this contention is that the defendant was in possession of the land at the time from the day of the sale, and the statute did not run against her for that reason, so that the failure to bring her action within the supposed year of grace is not material. That her possession, and that of her father, suspended the operation of the statute has been well settled. *Mask v. Tiller,* 89 N. C., 423. The provision as to bringing a new action within one year after a nonsuit or dismissal, reversal, or other termination of the first suit, as prescribed in the statute, refers only to those cases where the statute of limitations is applicable, and would bar but for this clause, which, if complied with, saves the cause of action. Clark's Code (3 ed.), sec. 142, and note. If the possession of the *feme* defendant, since the sale, prevents the bar of the statute, she did not need the additional time of one year within which to sue. The one-year clause applies only where the statute is operative and would defeat the new action if it were not commenced with the extended period, as above shown." It was held in *Mask v. Tiller, supra:* "The enforcement of an equity will never be denied on the ground of lapse of time, where the party seeking it has been in continuous possession of the estate to which the equity is an incident." And in *Stith v. McKee,* 87 N. C., 389, the Court said that one may preclude himself by his laches from asserting a right which otherwise a court would help him to enforce, there are abundant authorities to show; but to do so, in any case, there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoyment by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance in which the Court had withheld its aid in the enforcement of an equity on the ground of the lapse of time when the party seeking it has himself been in the continued possession of the estate to which that equity was an incident. That case was cited with approval in *Mask v. Tiller, supra,* and the same principle has since been often asserted.

The equity set up by the defendant in her answer is that the deed from Sarah Lineberger to Jonah Lineberger, her son, was procured by his fraud and undue influence, she being in very feeble health for some time before her death and her mind greatly weakened, and that the plaintiffs purchased (if at all) with full actual notice of defendant's equity, and certainly with constructive notice thereof.

The actual and continuous possession of the land by Jane Lineberger after her mother's death was admitted. No final account of the administrator has been filed.

The court instructed the jury that if they found the facts to be as testified by the witnesses they should answer the first and second issue "Yes." Exceptions were duly taken to all the rulings.

It would be vain and idle to pursue the discussion of the case any further, as we are of the opinion that the court erred in refusing to submit appropriate issues as to the equity of the defendant, Jane Lineberger, which she pleaded in her answer, and in charging the jury as it did. It may be that in the further development of the case it may be necessary to submit the issues as to the plaintiffs' title and ownership of the land in connection with the other issues, as their right to recover will depend upon whether or not the defendant Jane Lineberger will succeed in establishing her equity.

The error in the particular indicated by us requires that there be another trial of the case.

New trial.